IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHLEY NICOLE CARDENAS,<br>　　Plaintiff, | § § § | |
| v. | § § § | CIVIL ACTION NO. 3:22-cv-1793 |
| FIESTA MART, INC., FIESTA MART, LLC AND CHEDRAUI USA, INC.,<br>　　Defendants | § § § § | |

## DEFENDANT FIESTA MART, LLC'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Fiesta Mart, LLC ("Defendant") in the cause styled "*Ashley Nicole Cardenas v. Fiesta Mart, Inc., Fiesta Mart, LLC and Chedraui USA, Inc.,*" originally pending as Cause No. DC-22-05737 in the 116th District Court, Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

I.
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendants are not citizens of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2018).

- 1 -

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Fiesta Mart, Inc. was converted to Fiesta Mart, LLC via a Certificate of Conversion dated and filed with the Office of the Secretary of State of Texas on March 19, 2015.[2] At the time of the filing of this lawsuit, Fiesta Mart, Inc. had already been converted to operate under Fiesta Mart, LLC.

Fiesta Mart, LLC, at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited liability company. Therefore, its citizenship is determined by the citizenship of its members.[3] The sole member of Fiesta Mart, LLC is Bodega Latina Corp., a corporation incorporated under the laws of the State of Delaware with its principal place of business in California.[4] The corporate structure of Fiesta Mart, LLC has not changed since the time the affidavits included as Exhibits 5 and 6 were executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California but not of Texas.[5]

As outlined in Plaintiff's Original Petition, Chedraui USA, Inc., is a Delaware corporation, and is therefore, also a diverse defendant.

All Defendants agree to the removal of this action.

---

[2] *See* Certificate of Conversion, attached as Exhibit 9.

[3] *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[4] *See* Affidavit of Michael Saltzstein and Affidavit of Jorge Del Toro, attached hereto as Exhibits 7 and 8.

[5] *See Harvey*, 542 F.3d at 1080; *see also* Exhibits 7 and 8.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about June 20, 2021, while shopping in a Dallas County Fiesta Mart store, she slipped and fell due to a foreign substance on the floor near the meat department. Plaintiff filed suit on May 31, 2022, in the 116th District Court, Dallas County, Texas, alleging premise liability and negligence-based causes of action against Defendants.[6]

## IV.
## THE AMOUNT IN CONTROVERSY

Plaintiff judicially admits in her Original Petition that she is seeking damages in excess of $75,000.[7] Specifically, Plaintiff seeks damages for past and future: (1) medical expenses; (2) physical pain and suffering; (3) mental anguish; (4) physical impairment; (5) loss of earnings; and (6) loss of earning capacity.[8] Plaintiff alleged damages in an amount between $250,000 and $1,000,000.[9]  As a result, the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs, and this case is removable.[10]

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it

---

[5]  See Exhibit 2, at pp. 2-3.

[7]  Id. at p. 1.

[8]  Id at pp. 4-5.

[9]  Id.at p. 1.

[10]  See S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 492 (5th Cir. 1996); see also Laughlin v. Kmart Corp., 50 S.W.3d 871, 873 (10th Cir. 1995) (amount in controversy is ordinarily determined by allegations in complaint).

may first be ascertained the case is one which is or has just become removable."[11] Fiesta Mart LLC first became aware this case was removable on or about July 18, 2022, when it was served with Plaintiff's Original Petition. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendants of the document that first demonstrated the case was removable. Moreover, more than one year has not passed since the commencement of the action in state court on May 31, 2022.[12]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the 116th District Court, Dallas County, Texas a Notice of Filing Notice of Removal to Federal Court contemporaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of August 16, 2022);

(2) Plaintiff's Original Petition (filed May 31, 2022);

(3) Return of Service for Chedraui USA Inc.;

(4) Return of Service for Fiesta Mart, LLC;

---

[11] 28 U.S.C. § 1446(b).

[12] *See id*.

(5) Defendant Fiesta Mart, LLC's Original Answer (filed August 8, 2022);

(6) Defendant Chedraui USA Inc.'s Original Answer (filed August 9, 2022);

(7) Affidavit of Michael Saltzstein;

(8) Affidavit of Jorge Del Toro; and

(9) Certificate of Conversion.

Also, in compliance with Local Rule 81.1, Defendants has filed the following documents with the Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

*/s/ Hope Zimlich Miranda*
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
214-999-0550 (telephone)
214-999-0551 (fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on August 16, 2022.

                                   /s/ *Hope Zimlich Miranda*
                                   Hope Zimlich Miranda